UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-00036-FDW-DSC

| | |
|---|---|
| JESTICA A. NICHOLAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE H.T. HACKNEY CO., ) <br> ) <br> Defendant. ) <br> ) | ORDER |

JESSICA A. NICHOLAS,

    Plaintiff,

vs.

THE H.T. HACKNEY CO.,

    Defendant.

ORDER

THIS MATTER is before the Court on Defendant's Motion to Dismiss (Doc. No. 4), which has been fully briefed by the parties. In short, Defendant contends Plaintiff's complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After reviewing the pleadings, as well as applicable law, the Court GRANTS IN PART and DENIES IN PART the motion to dismiss.

Plaintiff's complaint asserts three causes of action: (1) "Sex Discrimination" under Title VII, (Doc. No. 1, p. 7); (2) "Violation of the Fail [sic] Labor Standards Act of 1938, as amended by the Equal Pay Act PF [sic] 1963 ('Equal Pay Act') . . . ," (Doc. No. 1, p. 8); and (3) "North Carolina Sex Discrimination," (Doc. No. 1, p. 10). Defendant has moved to dismiss all claims. In response, Plaintiff offered no argument or authority in opposition to Defendant's motion to dismiss her state law claim for sex discrimination. (See Doc. No. 12). After reviewing the pleadings and applicable law, the Court concludes that dismissal of this claim is appropriate for the reasons stated in Defendant's briefs supporting its motion to dismiss, (see Docs. Nos. 5, 13). As to Plaintiff's two claims under federal law, the Court shall deny the motion to dismiss those claims. Such denial

1

is without prejudice to the parties' ability to reassert their arguments in a dispositive motion following discovery.

Finally, the Court notes Plaintiff's brief is wrought with incomplete and sometimes inaccurate citations, many lacking pin point citation, leaving the Court to track down the case or pinpoint location for authority relied on by Plaintiff. Such failure to provide full and accurate citations hinders the Court's and opposing counsel's ability to efficiently and expeditiously review the relevant legal authority and creates "unnecessary work for the Court . . . ." See Murray v. N. Carolina Dep't of Pub. Safety, No. 1:14-CV-985, 2015 WL 11089742, at *2 (M.D.N.C. Feb. 19, 2015), aff'd, 611 F. App'x 166 (4th Cir. 2015). In the future, counsel should pay careful attention to citations contained within briefs so as to clearly indicate reliance on legal authority.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 4) is GRANTED IN PART as to Plaintiff's claim for "North Carolina Sex Discrimination," (Doc. No. 1, p. 10, ¶¶ 56-63), and DENIED WITHOUT PREJUDICE IN PART as to Plaintiff's claims under Title VII and the Equal Pay Act. This ruling is without prejudice to the parties' ability to reassert their arguments in a dispositive motion following discovery

IT IS SO ORDERED.

Signed: March 7, 2018

_____
Frank D. Whitney
Chief United States District Judge